IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NED JAMES, 3rd,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No. 3:17-cv-00623-NJR-DGW |
| v. | ) <br> ) |
| **C/O BARKER and C/O JEFFREY GARDINER,** | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Pending before the Court is a Motion for Reconsideration (Doc. 27) of this Court's Denial of Counsel filed by Plaintiff, Ned James. For the reasons set forth below, the Motion for Reconsideration is **DENIED.**

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact, to address newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since submission of the issues to the district court. Fed. R. Civ. P. 59(e); *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions to reconsider under Rule 59(e) should only be granted in rare circumstances. *Id.* The decision whether to grant a Rule 59(e) Motion to Reconsider lies in the sound discretion of the Court. *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

On August 21, 2017, this Court entered an order denying James' Motion to Appoint Counsel (Doc. 12). James has moved this Court to reconsider that decision. (Doc. 27).

Plaintiff has no constitutional or statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether he has been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented, the Plaintiff's ability to secure evidence and submit requests and arguments to the Court, and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (per curiam).

The Court based its decision to deny counsel on several factors. First, the Court noted James had not met his threshold burden in attempting to recruit counsel on his own (Doc. 12, p. 2). Further, despite James' assertion that he is mentally ill, the Court reviewed the docket in the case and found it evidenced James' ability to read, write, and understand the English language (Doc. 12, p. 2). In particular, James' complaint, which he appeared to have written, cogently set forth his claims and adequately demonstrated his ability to communicate with others (Doc. 12, p.

2). Finally, the court determined the claims in this matter were not overly complex and were unlikely to require expert discovery (Doc. 12)

Nothing in James' Motion for Reconsideration suggests these finders were manifest errors of law or fact. James does not introduce any new evidence or argue the existence of an intervening or substantial change in the controlling law since submission of the issues to the district court. Thus, the Court finds no basis for reconsideration of its original order denying counsel.

Nothing in this Order prevents James from filing another motion for appointment of counsel after he has met the threshold requirement of attempting to recruit counsel. James is **REMINDED** that in order to sufficiently demonstrate his attempts to recruit counsel, he must submit three attorney's responses to his requests for representation, or, if no responses are received, copies of the letters he sent to those attorneys.

**So Ordered.**

**DATED: February 5, 2018**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**