IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NED JAMES, 3RD,

    Plaintiff,

v.

RODNEY BARKER and
JEFFREY GARDINER,

    Defendants.

Case No. 3:17-CV-623-NJR-MAB

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on the Report and Recommendation of Magistrate Judge Mark A. Beatty, which recommends the undersigned grant in part and deny in part the Motion for Summary Judgment filed by Defendants Rodney Barker and Jeffery Gardiner (Doc. 66).[1]

    Plaintiff Ned James filed this lawsuit on June 13, 2017, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center (Doc. 1). Specifically, and as relevant here, James alleged that on July 8, 2016, Defendant Gardiner pulled down James's shorts and stuck his fingers in James's anus several times while Defendant Barker was present (*Id.*). James claims he was screaming during the incident, but no one came to help. He also requested medical

---

[1] The Clerk of Court is **DIRECTED** to correct C/O Barker's name to Rodney Barker on the docket.

attention, but he was not allowed to see a nurse for several days (*Id.*). After threshold review of his Complaint under 28 U.S.C. § 1915A(a), James was permitted to proceed on the following counts:

**Count 2**: Eighth Amendment claims against Gardiner for sexually assaulting Plaintiff on July 8, 2016 (excessive force), against Barker for failing to intervene to stop the assault (failure to protect), and against Gardiner and Barker for refusing Plaintiff's request for medical attention following the assault (deliberate indifference);

**Count 3**: Illinois state law claim for assault and battery against Gardiner and Barker based on the sexual assault incident of July 8, 2016.

On March 20, 2019, Defendants filed a motion for summary judgment arguing that James's version of events surrounding the alleged sexual assault by Defendant Gardiner is so unbelievable that dismissal is warranted. Furthermore, James failed to inform his counselor or medical personnel of the alleged incident and only referenced it briefly in a grievance filed four days after the incident. With regard to Defendant Barker, Defendants argue there is no evidence he knew of the impending assault such that he could have intervened and prevented it. For the same reasons, they assert, James's state law assault and battery claims must fail. As to James's deliberate indifference claim, Defendants argue first that James's bleeding from his anus was not an objectively serious medical condition. Second, Defendants argue there is no evidence they had actual knowledge of a substantial risk of serious harm and disregarded it. Finally, Defendants contend they are entitled to qualified immunity.

On May 30, 2019, Judge Beatty entered the Report and Recommendation currently before the Court (Doc. 76). Judge Beatty recommends the undersigned grant summary judgment as to Defendant Barker on the failure to protect claim in Count 2 and the state law assault and battery claim in Count 3, but deny the remainder of the motion. Objections to the Report and Recommendation were due 14 days after service of the Report and Recommendation. 28 U.S.C. §636(b); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has carefully reviewed the evidence and Judge Beatty's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions.

Having found no clear error, the Court **ADOPTS** Judge Beatty's Report and Recommendation (Doc. 76). The Motion for Summary Judgment filed by Defendants Rodney Barker and Jeffrey Gardiner (Doc. 66) is **GRANTED in part and DENIED in part**. Plaintiff Ned James's claims against Defendant Barker for failure to protect in Count 2 and the state law assault and battery claim in Count 3 are **DISMISSED with prejudice**. This case shall now proceed to trial on the following claims, as separated into the following counts:

> **Count 1:** Eighth Amendment excessive force claim against Gardiner for sexually assaulting Plaintiff on July 8, 2016;
>
> **Count 2**: Eighth Amendment deliberate indifference to Plaintiff's serious medical needs claim against Gardiner and Barker for refusing Plaintiff's request for medical attention following the assault;
>
> **Count 3:** Illinois state law claim for assault and battery against Gardiner based on the sexual assault incident of July 8, 2016.

Judge Beatty is **DIRECTED** to recruit counsel for James for purposes of trial. Once counsel is appointed, the parties are **ORDERED** to confer regarding potential trial dates. The Court will set a status conference by separate order to set firm Trial and Final Pretrial Conference dates. Once the trial date is set, a continuance will be granted only in the rarest of circumstances.

> IT IS SO ORDERED.
>
> DATED:   June 24, 2019

*[Signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**