IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NED JAMES, III, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-623-MAB |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Bill of Costs filed by Defendants Rodney Barker and Jeffrey Gardiner (Doc. 131) and Plaintiff's objections thereto (Doc. 134). For the reasons explained below, Plaintiff's objections are overruled and Defendants are awarded their costs.

Plaintiff Ned James, an inmate in the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Specifically, he alleged that correctional officer Jeffrey Gardiner sexually assaulted him while correctional officer Rodney Barker stood by and failed to intervene, and both Gardiner and Barker refused his request for medical attention following the assault. Defendants moved for summary judgment and it was granted for Barker on Plaintiff's claims for failure to protect and assault and battery (Doc. 80). The case proceeded to trial on Plaintiff's claims for excessive force and assault and battery against Gardiner and his claim for deliberate indifference

against Gardiner and Barker. The jury found in favor of Defendants on all counts (Doc. 123), and judgment was entered accordingly on June 24, 2021 (Doc. 127).

Defendants Gardiner and Barker filed their Bill of Costs on October 27, 2021, seeking costs in the amount of $658.70 for the transcript fee and court reporter fees associated with taking Plaintiff's deposition (Doc. 131). The Clerk of Court notified Plaintiff that any objections to the Bill of Costs had to be filed by November 11, 2021 (Doc. 132). When Plaintiff did not file any objections by the deadline, the Clerk taxed costs to Plaintiff in the amount of $658.70 on November 19, 2021 (Doc. 133). Three days later, Plaintiff filed his objections (Doc. 134), which the Court construes as a motion to review the Clerk of Court's decision to tax costs to Plaintiff. *See* FED. R. CIV. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.")

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for

denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks* 126 F.3d at 945.

Plaintiff's motion is very brief and he makes only one argument: that he should not be responsible for Defendants' costs because "he never requested for legal discovery to be tender[ed] on paper" and it was defense counsels' "decision to put it on paper" (Doc. 134). The Court is unpersuaded by this argument. Depositions are one of the primary methods of conducting discovery, and the parties in a lawsuit are permitted to depose one another. *See* FED. R. CIV. P. 30. Making a record of the deposition in a written transcript and/or by video is essential. Deposition costs are recoverable under 28 U.S.C. § 1920. *See also Weeks*, 126 F.3d at 945. The Court has no reason to doubt that it was necessary for Defendants to depose Plaintiff in order to properly defend themselves against his claims. Plaintiff has not demonstrated otherwise.[1]

## CONCLUSION

The Court **OVERRULES** Plaintiff's objection to costs and **ORDERS** an award of costs in the amount of $658.70 for Defendants Barker and Gardiner. The Clerk of Court shall tax costs in these amounts against Plaintiff.

---

[1] The Court notes that the losing party may be excused from paying the prevailing party's costs if the losing party is indigent. *Rivera v. City of Chicago*, 469 F.3d 631, 634–35 (7th Cir. 2006). In this instance, Plaintiff did not make any argument that he should not have to pay costs associated with the litigation because he is indigent, nor did he provide any documentation that could support a claim of indigency (*see* Doc. 134). Consequently, the Court declines to address the issue *sua sponte*.

**IT IS SO ORDERED.**

**DATED: July 13, 2022**

                                                   **s/ Mark A. Beatty**
                                                   **MARK A. BEATTY**
                                                   **United States Magistrate Judge**